DOTY v. NIXON.

1. CONTRACT—SUBSTITUTED AGREEMENT.

 Plaintiff sold cattle to defendants, under a contract by the terms of which a part of the purchase price was paid down, and plaintiff agreed to keep the cattle for a certain time, when the balance was to be paid. The defendants being unable to make payment, by consent, the cattle were shipped to market in the name of plaintiff, in charge of one of the defendants, who sold them, and the proceeds were remitted to plaintiff, and were applied on the contract price. *Held,* that such departure from the terms of the original agreement did not constitute a new contract, and did not release defendants from their obligation to pay the balance of the contract price.

2. TRIAL—INCONSISTENT COUNTS—INSTRUCTIONS TO JURY.

 It is not error to refuse to require an election on inconsistent counts, where the effect of the instructions to the jury is to submit the case upon the theory of only one of the counts.

Error to Eaton; Smith, J. Submitted April 22, 1896. Decided May 12, 1896.

. *Assumpsit* by Ellis Doty against Ladd J. Nixon and others upon a contract for the sale of cattle. From a judgment for plaintiff, defendants bring error. Affirmed.

*W. R. Clarke* and *Huggett & Smith,* for appellants.

*Spaulding, Norton & Weimer,* for appellee.

HOOKER, J. The plaintiff was the owner of certain cattle, which he bargained, receiving from the hands of defendant Middleton a payment down, and promising to retain the cattle and feed them for a period agreed upon. Middleton was not able to pay for them, and an arrangement was made by which they were shipped to Buffalo, in charge of Middleton, but in the name of the plaintiff,

who received a draft from a Buffalo dealer for the amount for which they were sold. This sum did not equal the amount that plaintiff would have been entitled to under the original contract, and he brought this action.

The first count of his declaration alleges the contract with the three defendants to take the cattle, and their failure to accept the cattle. The second states their delivery to, and acceptance by, the defendants, and their failure to pay for the same. The common counts were also added.

The court instructed the jury that the plaintiff could not recover unless the defendants were partners at the time of the purchase, and the purchase was made upon their behalf as partners, and Doty so understood it, and he directed them to find a verdict for the amount named in the verdict if they should conclude that it was a partnership transaction.

Counsel contend:

1. That there was no evidence of a partnership transaction.

2. That the two special counts were inconsistent and antagonistic, and that plaintiff should have been required to elect upon which theory he would go to the jury.

3. That the first agreement was changed by an agreement subsequently made with Middleton, by which plaintiff released the defendants from the contract.

We think there was evidence tending to show the existence of the copartnership; that the original contract was made upon its behalf; and that plaintiff so understood it. The court did not err in submitting that question to the jury.

The defendants showed that Middleton was unable to pay for the cattle, and that it was arranged that they should be shipped to Buffalo in plaintiff's name, so that the pay would go to him; Middleton to go with the cattle, and arrange for their sale. The car being too small to accommodate all of them, three head were put in a pasture by Middleton's direction, and plaintiff never saw them again.

We think] that the evidence conclusively shows that these cattle were shipped in furtherance of the contract, and that there was no evidence tending to show a release by the plaintiff of the defendants from their promise to pay in accordance therewith. The money received was applied, and apparently the plaintiff should have been paid the remainder.

The charge of the court did not leave inconsistent claims to the jury, as it made the case hinge upon the making of the contract. The delivery seems to have been conclusively shown, as Middleton received and disposed of all of the cattle under the agreement mentioned.

A point was made upon the failure of the court to give a request to the effect that if Middleton bought cattle, to be bunched and shipped with others purchased by the other defendants, it would not have the effect to make them liable to plaintiff, as partners. The jury were plainly told that plaintiff could not recover unless defendants were partners, and participated, as such, in the purchase, which rendered the point raised unimportant.

We deem it unnecessary to discuss the other questions raised.

The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.